UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENSEENER CARPENTER,

                Plaintiff,

         -against-

BRONX LEBANON HOSPITAL, PEDIATRIC
DEPARTMENT; DR. PETER SHERMAN; MS.
DIANE STROM,

                Defendants.

21 Civ. 8596 (JPC)

ORDER OF SERVICE

JOHN P. CRONAN, United States District Judge:

    Plaintiff, who is proceeding *pro se*, brings this employment discrimination action and invokes federal question jurisdiction. As Plaintiff alleges that his former employer discriminated against him based on his race and age, the Court construes the complaint as raising claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-2000e-17; the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621-634; 42 U.S.C. § 1981; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. By order dated November 18, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and

the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Bronx Lebanon Hospital Pediatric Department, Dr. Peter Sherman, and Diane Strom, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses, complete the USM-285 forms with the addresses for Bronx Lebanon Hospital Pediatric Department, Dr. Peter Sherman, and Diane Strom, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated: November 22, 2021
       New York, New York

_____
JOHN P. CRONAN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Bronx Lebanon Hospital
   Pediatric Department
   1650 Grand Concourse
   Bronx, New York 10456

2. Dr. Peter Sherman
   Chair of Pediatrics
   Bronx Lebanon Hospital
   1650 Grand Concourse
   Bronx, New York 10456

3. Diane Strom
   Supervisor
   Bronx Lebanon Hospital
   1650 Selwyn Avenue
   Bronx, New York 10456